IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXIS D. MITCHELL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-831 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| HONDA FINANCIAL SERVICES ) | |
| CORP., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Pending before the Court is Plaintiff's Motion to Remand (Doc. 12). Plaintiff contends that the Notice of Removal filed by Defendant Citizens One Bank ("Citizens") was procedurally defective, and that the case should be remanded to the state court from which it was removed. For the reasons that follow, Plaintiff's Motion will be denied.

**A.  Procedural Background**

Plaintiff filed this action in the Armstrong County Court of Common Pleas on May 23, 2017. (Doc. 1-1). Her Complaint alleges claims pursuant to the Federal Equal Credit Opportunity Act and the Federal Fair Credit Reporting Act. Id. Honda and Citizens were served with the Complaint on May 26, 2017. Id. Exeter was served with the Complaint on June 16, 2017. (Doc. 12-1.)

On June 23, 2017, Citizens filed a Notice of Removal with this Court. (Doc. 1). The basis for its removal to federal court was 28 U.S.C. § 1441(a). (Doc. 1, ¶ 9). On June 30, 2017, Citizens filed its Answer and Affirmative Defenses. (Doc. 4). On July 7, 2017, Exeter

filed its Answer and Affirmative Defenses. (Doc. 6). On July 11, 2017, Plaintiff filed a Notice of Voluntary Dismissal with respect to Honda. (Doc. 9). On July 13, 2017, Exeter filed a consent to Citizens's Notice of Removal. (Doc. 10). On July 19, 2017, Plaintiff filed her Motion to Remand. (Doc. 12). On August 8, 2017, Citizens filed its Brief in Opposition to Plaintiff's Motion to Remand. (Doc. 14). On August 8, 2017, Exeter filed its Opposition to Plaintiff's Motion to Remand, joining Citizens's arguments. (Doc. 15). On September 13, 2017, Plaintiff and Citizens filed a Stipulation of Dismissal as to Citizens, which the Court approved by Order the same date. (Docs. 16, 17). As a result, Exeter is the only remaining Defendant.

B. **Legal Standards**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a). After a notice of removal is filed, a plaintiff may seek to remand the action back to state court under 28 U.S.C. § 1447(c) for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." Ramos v. Quien, 631 F. Supp.2d 601, 607 (E.D. Pa. 2008) (quoting PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993)). 28 U.S.C. § 1446(b)(2)(A) provides: "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). On a motion to remand, the party asserting federal jurisdiction bears the burden of establishing that the action properly is before the court. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). As federal courts are of limited jurisdiction, removal statutes are construed strictly against removal, with all doubts resolved in favor of remand. Id.; Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

2

C.  **Analysis**

Plaintiff's Motion to Remand is premised on Citizens's Notice of Removal being "procedurally defective because it violates the rule of unanimity contained in 28 U.S.C. § 1446(b)(2)(A)." (Doc. 12 at 2). As explained in Albert v. Bayerische Motorenwerke Aktiengesollschaft, "the so-called rule of unanimity . . . requires that 'when there is more than one defendant, all must join in the removal petition.'" Id., 45 F. App'x. 170, 171 (3d Cir. June 10, 2002) (quoting Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir.1985)). The "unanimity rule" is codified in section 1446(b)(2):

> **(b) Requirements; generally**.-- (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> **(2)(A)** When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b)(2). "As other courts have recently noted, 'the amended statute does not address the form consent must take. [Nor] does it expressly address when consent must be filed if separate from the notice of removal.'" Simon v. Regal Inv. Advisors LLC, 2017 WL 1628436, *4 (W.D. Va. Apr. 28, 2017) (quoting Gates at Williams-Brice Condo. Ass'n v. Quality Built,

3

LLC, 2016 WL 4646258, *4 (D. S.C. Sept. 7, 2016)); see also Griffioen v. Cedar Rapids & Iowa City Ry. Co., 785 F.3d 1182, 1187 (8th Cir. 2015) ("The 2011 amendments to [Section] 1446 that codified the rule of unanimity did not describe the form of[,] or time frame for[,] consent when multiple defendants are involved.").

With these general principles in mind, the Court now will address Plaintiff's arguments for remand, as relates to each Defendant.

*Honda*

Plaintiff raises numerous arguments in support of her contention that the removal of this matter to federal court violates the rule of unanimity and, thus, is procedurally defective. With respect to Honda's relevant conduct, Plaintiff argues that the informal email Citizens attached to the Notice of Removal, indicating Honda's consent to removal, is insufficient and ambiguous and, therefore, Honda did not formally and directly notify the Court of its consent to joinder. Id. at 4.

Honda did not file with the Court a separate consent to Citizens's Notice of Removal. The only indicia of Honda's consent are: (1) Citizens's statement in the Notice of Removal: "Counsel for [Citizens] has contacted the outside counsel for Honda . . ., who is the only other named defendant identified to have been served at the time of removal, and obtained Honda's consent to remove this action to federal court;" and (2) a June 22nd email from Leona C. McFadden, Esq., attached to Citizens's Notice, stating: "You have our consent for the removal. Regards, Leona[.]" (Docs. 1 ¶ 12, 1-2).[1]

---

[1] The Notice of Removal, including the Certificate of Service, Doc. 1; Plaintiff's July 11, 2017 Notice of Voluntary Dismissal regarding Honda, Doc. 9; and the Declaration of Leona McFadden, Esq., Doc. 14-1, all confirm that Ms. McFadden represented Honda in this matter.

"[A]ll defendants—who do not file their own notices of removal—must join in a removal petition." Baldy v. First Niagara Pavilion, 149 F. Supp.3d 551, 560 (W.D. Pa. 2015) (citing Balazik v. Cnty. of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995)). The Court of Appeals for the Third Circuit has not specified, however, what is required of a defendant to "join" in a removal petition. The district courts in this circuit have held that "defendants who wish to join in a removal petition must . . . clearly and unambiguously join in the removal petition." Id. (citing A.R. v. Norris, 2015 WL 6951872, *3 (M.D. Pa. Nov. 10, 2015)); Pujols–Sanchez v. Wexxar Packaging, Inc., 2014 WL 4058726, *1 (E.D. Pa. Aug. 14, 2014). "[Clear and unambiguous" consent has been interpreted differently. For example, in McNulty v. Auchter Industrial Service, Inc., where the removing defendants attached to their notices of removal emails from attorneys for the non-moving defendants consenting to the removal, the court held that "[t]hese emails constitute [the] unambiguous written consent required by the 'unanimity rule,'" and, "[t]hus, we find no procedural defect in the notice of removal." Id., 2015 WL 7252907, *2 (E.D. Pa. Nov. 17, 2015). On the other hand, in Alejandro v. Philadelphia Vision Ctr., the court opined that "consent [may not] be established by attaching a letter of consent from one defendant to another defendant's Notice of Removal." Id., 2017 WL 4173273, *2 (E.D. Pa. Sept. 21, 2017) (citation omitted).

As to the June 22nd email from Attorney McFadden, while best-practice would have been to obtain a more formal statement of consent from Honda, such as the one filed by Exeter, (see Doc. 10), the Court concludes that a separately-filed consent was not required, and that the email attached to Citizens's Notice provides a sufficiently clear and unambiguous statement of consent. Moreover, because Honda's expression of consent was filed with this Court on June 23rd, less than thirty days after Honda was served on May 26th, Honda's consent to removal

5

was timely.[2] See Steele v. State Farm Mut. Auto. Ins. Co., 2017 WL 590276, *2 (M.D. Pa. Feb. 14, 2017) ("With respect to the timing of the consent, 'district courts within [this Circuit] require that all codefendants join in the notice of removal or give their consent to removal within thirty days after receiving service of plaintiff's complaint.'") (citing A.R. v. Norris, 2015 WL 6951872, *4 (collecting cases)).

*Exeter*

Concerning Exeter, Plaintiff first contends that the rule of unanimity has not been met because Citizens's Notice of Removal alleges, "all parties who were served with the complaint had consented to the Removal Petition," but this untrue because Exeter, in fact, had been served with the Complaint prior to Citizens's filing the Notice of Removal; and, therefore, Citizens was required to obtain Exeter's consent prior to the filing of the Notice. (Doc. 12 at 4). Plaintiff further contends that Exeter was required to either consent to Citizens's removal on or before June 26th, *i.e.*, within thirty days after Citizens was served; or to file its own Notice of Removal on or before July 17th; and, therefore, Exeter's consent to Citizens's Notice of Removal on July 13th was untimely and ineffective. Id. With respect to her latter argument, Plaintiff elaborates, "while the statute provides each defendant with 30 days to file a notice of removal after service of the complaint and allows an earlier served defendant to join a later served defendant's notice of removal," "[t]here is absolutely no language that allows a defendant to join or consent to a procedurally deficient notice of removal more than 30 days after that defective notice of removal has been filed." Id. at 7 (citing 28 U.S.C. § 1446 (2)(B) and (C)). In other words, Plaintiff contends that, because Exeter had been served with the Complaint at the time

---

[2] Having so concluded, it is unnecessary to address Citizens's alternative argument that Honda was only a nominal party.

6

Citizens's Notice of Removal was filed, the plain language of Section 1446 required that Exeter either: (1) join or consent to the removal on or before June 26th, thirty days after Citizens was served with the Complaint; or (2) file its own petition for removal and seek the consent of Citizens and Honda, the earlier served co-defendants, on or before July 17th, thirty days after Exeter was served with the Complaint. (Id. at 8). In so arguing, Plaintiff acknowledges that the case law of this circuit allows a defendant to consent to a Notice of Removal within thirty days of service, but posits that this analysis is incorrect because it ignores the 2011-amendments to Section 1446. (Id. at 9-10).

Pertinently, Defendants first argue that the current version of Section 1446 codifies the "last-served defendant" rule; that, applying this rule, later-served defendants have thirty days from the date they are served either to file a notice of removal or to consent to an earlier filed notice of removal; and that, in this case, Exeter's consent was effective and timely filed. (Doc. 14 at 4-5). Defendants also contend that, because Plaintiff had not filed an affidavit of service (as relates to Exeter) prior to the filing of a Notice of Removal on June 23rd, the Notice "correctly indicated that Citizens . . . had the consent of . . . all known defendants 'identified to have been served' at the time of removal." Id. at 5.

The Notice of Removal in this case was filed on June 23rd, and it states, in relevant part:

> On or about May 23[rd], Plaintiff . . . filed a complaint in the Court of Common Pleas of Armstrong County, Pennsylvania . . . . A true and correct copy of the Complaint, along with copies of all process, pleadings, and orders received by Citizens in [state court are] attached hereto as Exhibit A.

(Doc. 1, ¶ 1). One of the documents attached is the state-court docket sheet. (Doc. 1-1). It is dated June 23rd, the same date Citizens's Notice of Removal was filed in this Court, and indicates that on June 9th, two affidavits of service were filed on Plaintiff's behalf indicating

7

that Honda and Citizens had been served on May 26th. Id. The June 23rd docket does not contain an affidavit of service with respect to Exeter. Id.

The Notice further states that Citizens's counsel "ha[d] contacted the outside counsel for Honda . . ., *who is the only other named defendant identified to have been served at the time of remova[l]*, and obtained Honda's consent to remove this action to federal court. A copy of the correspondence confirming Honda's consent . . . is attached hereto as Exhibit B." (Doc. 1, ¶ 12) (emphasis added). The Notice of Removal does not mention Exeter. (Doc. 1).

In fact, Exeter was served with the state court Complaint on June 16th. (Doc. 12-1). On June 26th, counsel for Exeter filed his praecipe for entry of appearance on Exeter's behalf in the state court action; and, on July 13th, Exeter filed here a Consent to Citizens's Notice of Removal. (Docs. 15 at 12, 10).

It is well established that "[a] defendant has thirty days from the initial service of the complaint to file a Notice of Removal and, for it to be proper, all defendants named in the action must explicitly consent to the removal." Page v. City of Philadelphia, 2008 WL 4710773, *2 (E.D. Pa. Oct. 21, 2008) (citing 28 U.S.C. § 1446; Chicago, Rock Island, & Pacific Ry. Co. v. Martin, 178 U.S. 245, 248 (1990)). There are, however, exceptions to this general rule. As explained in Balazik v. Cnty. of Dauphin, "[t]he unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined. Another exception is when . . . defendant has not been served at the time the removing defendants filed their petition." Id., 44 F.3d 209, 213 n.4 (3d Cir. 1995) (citations omitted); see also Tomasino v. Guzman-Nieves, 2016 WL 5816818, * 3 (W.D. Pa. Oct. 5, 2016) (Bissoon, J.) (citing Balazik and holding same).

8

As explained in Dixon v. Allstate Ins. Co., some courts have held that, "when removing an action to federal court[,] a defendant is required to obtain consent only from those codefendants who it knew or should have known, in the exercise of reasonable diligence, had been served." Id., 2017 WL 1150641, *3 (E.D. Pa. Mar. 27, 2017) (comparing and contrasting case-decisions). District courts in this circuit are split on whether to apply the "reasonable diligence" exception into what is now a statutory consent requirement. Id.

Assuming, without deciding, that there is a "reasonable diligence" caveat, and regardless of whether Citizens qualified, any defect in the removal as to Exeter was cured, within the thirty-day statutory period, by Exeter's timely consent to the removal.

As stated above, Section 1446 does not address when consent must be provided if it is filed separately from the notice of removal, and "district courts within the Third Circuit require that all codefendants join in the notice of removal or give their consent . . . within thirty days after receiving service of plaintiff's complaint." A.R. v. Norris, 2015 WL 6951872 at *4. The thirty-day window is logical because, "[a]t bottom, the rule is meant to ensure that each defendant has a meaningful opportunity to be heard on the question of removal." Ortiz v. City of New York, 2013 WL 2413724, *4 (S.D.N.Y. June 4, 2013). Here, Exeter was served with the Complaint on June 16th, and Exeter filed its clear and unambiguous consent on July 13th, less than thirty days after it was served. (Docs. 10 and 12-1). Accordingly, Exeter's timely consent cured any arguable procedural defect.[3]

---

[3] Given that Exeter is the only remaining Defendant (the others having settled), punishing it for the perceived-sins of Citizens would appear particularly inequitable. Looking at the case from Exeter's perspective, it had little reason to anticipate Plaintiff's position that, in order to preserve its interest in a federal forum, Exeter was required to file its own notice of removal, supported by the consent of the remaining Defendants (one of which, Citizens, who already had filed a Notice of Removal; and, the other of which, Honda, was dismissed with prejudice on July 11th, six days before Exeter's putative notice-deadline). Although procedural defects are, by nature, technical

For all of the reasons stated above, the Court hereby enters the following:

## II. <u>ORDER</u>

Plaintiff's Motion to Remand (**Doc. 12**) is **DENIED**.

October 26, 2017
s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

adopting Plaintiff's positions, and proposed result, would be to countenance a level of hypertechnicality the-likes-of-which is rarely (if ever) seen. <u>Cf.</u> <u>KSure of New York Corp. v. Raineater</u>, LLC, 2013 WL 5411933, *1 (W.D. Pa., Sept. 26, 2013) (expressing disfavor regarding "'gotcha-style' litigation," wherein "parties [persist] based on [hyper]technical errors," and cautioning against allowing such tactics to distract from "the serious work of the bench and bar") (citation to quoted source omitted).