# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ALEXIS D. MITCHELL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-831 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| HONDA FINANCIAL SERVICES CORP., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's Motion to Reconsider (Doc. 19) will be denied.

A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citation omitted). Plaintiff relies on the third basis, arguing that "this Court's interpretation of the 'later served defendant' rule and by extension its interpretation of 28 U.S.C. 1446 is a manifest error." Doc. 19 at 4.

According to Plaintiff, the Court held that, under the "later served defendant" rule, parties served after the initial notice of removal "have thirty days from the date they are served either to file a notice of removal **or to [consent] to an earlier filed notice of removal** . . . . [footnote 2: See Dkt. 18 p. 7]." See Doc. 19 at ¶ 3 (emphasis in original). The sentence to which Plaintiff refers, however, was a summary of one of *Exeter's* arguments, not a misstatement by the Court. See Doc. 18 at 7 ("Pertinently*, Defendants first argue* that the current version of Section 1446 codifies the 'last-served defendant' rule; that, applying this rule, later-served

defendants have thirty days from the date they are served either to file a notice of removal or to consent to an earlier filed notice of removal; and that, in this case, Exeter's consent was effective and timely filed. (Doc. 14 at 4-5).") (emphasis added).

More importantly, the Court continues to disagree with Plaintiff that the plain language of Section 1446 requires a remand under the facts presented. To the contrary, "Section 1446 does not address when consent must be provided if it is filed separately from the notice of removal." Doc. 18 at 9 (citing Ortiz v. City of New York, 2013 WL 2413724, *4 (S.D.N.Y. June 4, 2013)); see also Griffioen v. Cedar Rapids & Iowa City Railway Co., 785 F.3d 1182, 1187 (8th Cir. 2015) ("The 2011 amendments to § 1446 that codified the rule of unanimity did not describe the form of or time frame for consent when multiple defendants are involved. By comparison, § 1446 as amended lays out in detail the procedures for the notice of removal, including the form of the notice and the time frame for each defendant to file it in a multiple-defendant action. Congress could have defined with equal specificity the form of or time for consent but chose not to do so. Its failure to do so dissuades us from adopting a rule that places form over substance."). The Court has announced its decision, and there is no good reason to revisit it.[1]

---

[1] To be clear, at no point has the Court meant to suggest that Plaintiff's arguments are lacking good-faith bases. Cf. Doc. 17 at 7-8 (appearing to chafe at Court's reference to case law disfavoring arguments based on "hypertechnical errors"). Rather, the Court merely indicated that its adoption of Plaintiff's arguments, and proposed result, would be in tension with the principles-cited. Compare Doc. 18 at n.3 with Griffioen at 1187 (stating court's "disinclin[ation] to apply the unanimity requirement in a hypertechnical and unrealistic manner," and refusing "to adopt a rule that places form over substance") (citation to quoted source omitted). Frankly speaking, the Court's caseload is sufficiently rigorous that it lacks any incentive to retain jurisdiction over removed-cases that properly should be remanded. While Plaintiff's counsel has argued, zealously and skillfully, for a return to the state forum, the Court simply has reached a contrary conclusion. With these things said, it is time to move forward.

For these reasons, Plaintiff's Motion for Reconsideration (**Doc. 19**) is **DENIED**.

October 31, 2017                                s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record